■ In the Matter of the Claim of RICHARD SHAPIRO, Respondent, v. COCA COLA BOTTLING, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

*Per Curiam.* The sole issue properly before us arises upon the board finding of causal relationship between a trauma to claimant's chest, which disabled him from work for about two days, and a spontaneous left pneumothorax 18 months later. Appellants' medical expert denied causality and the only proof thereof is to be found, if at all, in the testimony of a thoracic surgeon which we are constrained to find insufficient. This doctor said: "At first glance it would appear unlikely that trauma occasioned in March of 1959 could be responsible for a pneumothorax of September, 1960, however, there is a possibility that there could be some relationship"; but after stating "that almost ninety per cent of people who suffer spontaneous pneumothorax have small cysts or cystic disease of the lung", he considered that "if" at the time of the trauma to his chest claimant had cystic disease of his lung — as to which the record is barren of proof — "it is possible" that the trauma was responsible for the pneumothorax 18 months later. Asked then if he could give that opinion of causality with "reasonable medical certainty", he said that he would not be thus "pigeonholed" but continued: "I would again repeat that there is a distinct possibility that this injury of '59 did have a good bit to do with the pneumothorax of 1960 but, based on reasonable medical probability,

the answer would be no." The testimony concluded as follows: "Q. There would be no causal relation? A. The answer would be no, that there would be no causal relationship in seventy-five per cent of the cases." Looking to the "whole record" (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414, 416), as we are bound to do, we find no substantial evidence of causal relation. The medical testimony was adduced under unfavorable conditions and it may be that the proof may be more fully developed upon remittal. Decision reversed and case remitted, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.